UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUSAN M. KHAURY,                                 No. 11-10729

                        Debtor(s).
_____/

SUSAN M. KHAURY,

                        Plaintiff(s),

    v.                                          A.P. No. 13-1138

CARL T. VOSS,

                        Debtor(s).
_____/

Memorandum on Motion to Remand
_____

       Plaintiff Susan Khaury filed for relief under Chapter 11 with the assistance of Defendant attorney Carl Voss on February 28, 2011. The court entered an order authorizing Voss's employment pursuant to § 327(a) of the Bankruptcy Code on April 11, 2011, but on May 19, 2011, approved a stipulation between Khaury and the U.S. Trustee for the appointment of a Chapter 11 trustee. This had the effect of removing Khaury as a debtor in possession and terminating Voss as the estate's counsel. Thereafter, he was only counsel for Khaury individually.

       On December 5, 2011, the court confirmed a plan of reorganization filed by Linda Green, the

1

1  Chapter 11 trustee.  On January 13, 2012, Khaury terminated Voss as her counsel and substituted

2  another attorney.  Voss filed his final application for compensation on January 17, 2012, seeking

3  compensation for his services from February 11, 2011, to January 12, 2012.

4  On January 25, 2013, Khaury filed an application for leave to employ new counsel.  In her

5  application, which was never approved because Khaury was no longer a debtor in possession, Khaury

6  described her dissatisfaction with Voss's representation in considerable detail, alleging much the same

7  conduct which now is the basis for her complaint.  However, Khaury did not object to Voss's

8  application for compensation.  After a noticed hearing, the court allowed Voss's full request for fees

9  but sustained an objection by Green and ordered that just over half of Voss's fees were recoverable

10  only from Khaury personally and not from the bankruptcy estate.  Khaury and her attorney  were duly

11  served with notice of Voss's fee application.  Khaury's attorney was duly served with Green's

12  objection and the court's order.

13  Khaury filed a state court complaint for malpractice against Voss on January 9, 2013, alleging

14  misconduct while Voss was her attorney.   Voss removed the malpractice action to this court on

15  August 28, 2013.   Khaury's motion for remand is now before the court.

16  It would appear that principles of claim preclusion bar Khaury's malpractice action.  Where a

17  debtor is given notice of his bankruptcy attorney's fee application and fails to object, the order

18  approving the fees is generally *res judicata* as to a subsequent malpractice action.  *Grausz v.

19  Englander*, 321 F.3d 467, 473 (4th Cir. 2003); *Capitol Hill Group v. Pillsbury, Winthrop, Shaw,

20  Pittman, LLC*, 569 F.3d 485, 491 (D.C. Cir. 2009); *In re Iannochino*, 242 F.3d 36, 38-9 (1st Cir. 2001);

21  *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999); *In re Scotland-Colorado, LLC*, 2013 WL

22  1313086 at *5 (Bankr. N.D. Cal. 2013).  Had this matter been timely removed, the court would

23  probably have granted summary judgment to Voss.  However, removal was not timely.

24  Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure provides that a notice of

25  removal may only be filed within 30 days after receipt of either the summons or complaint.  Rule

26  9006(b)(1) allows for discretionary judicial enlargement of this time limitation, upon request, but

requires a showing of excusable neglect if the request is made after the limitation has expired. *In re Airport Marina, Inc.*, 31 B.R. 699, 702 (Bankr. Fla. 1983). Khaury served Voss with the summons and complaint on February 5, 2013, although Voss admits accepting service on January 17. The thirty-day limitation accordingly expired on March 7. Voss filed an answer in state court in March and the parties began conducting discovery in April. Voss filed his notice of removal on August 28, 2013. In his moving papers, Voss argues that removal was timely because he was not aware that Khaury's bankruptcy case was still pending until August 4, when he reviewed the docket for a meeting with his state court counsel. Notwithstanding Voss's feeble attempt at showing excusable neglect,[1] he made no motion, either in writing or orally at the hearing, for enlargement of the thirty-day limitation prescribed by Rule 9027. Accordingly, a request for enlargement of the limitation set by Rule 9027(a)(3) is not before this court and Voss's 174-day-late removal of this matter was not timely. The sole remedy for improper removal to the bankruptcy court is remand of the matter to the state court. *In re Princess Louise Corp*, 77 B.R. 766, 771 (Bankr.C.D.Cal. 1987).

The court notes that the law does not change merely because the matter is to be heard in state court rather than this court. However, under California law there is an equitable aspect to the application of claim preclusion. *In re Lopez,* 367 B.R. 99, 108 (9th Cir. BAP 2007). Because this action was not timely removed, it remains for the state court to decide if Khaury is precluded from maintaining it.

For the foregoing reasons, this matter shall be remanded to the Marin County Superior Court. Khaury's request for reimbursement of attorneys' fees under 28 U.S.C. § 1447(c) is denied because, although his removal was time-barred, Voss did not lack an objectively reasonable basis for seeking removal. See *Martin v. Frankly Capital Corp.*, 546 U.S. 132, 141 (2005). Counsel for Khaury shall

---

[1] The court has difficulty believing that Voss, a seasoned bankruptcy practitioner, would assume that a bankruptcy case had been closed without first checking the docket online, particularly when facing a malpractice action arising from that very case. Furthermore, Voss waited an additional fourteen days after discovering that the case was pending before he noticed the removal.

3

submit an appropriate form of order which counsel for Voss has approved as to form.

Dated: November 21, 2013

_____
Alan Jaroslovsky  
Chief Bankruptcy Judge

4